# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| ENERGY LABS, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 14 C 7444 |
| | ) | Hon. Marvin E. Aspen |
| EDWARDS ENGINEERING, INC. | ) | |
| and W.E. BISHOP & CO., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| EDWARDS ENGINEERING, INC. and | ) | |
| EDWARDS ENGINEERING, INC. as | ) | |
| assignee of W.E. BISHOP & CO., | ) | |
| | ) | |
| Third Party Plaintiffs, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| THE CHICAGO TRANSIT | ) | |
| AUTHORITY and WINDY CITY | ) | |
| REPRESENTATIVES, LLC, | ) | |
| | ) | |
| Third Party Defendants. | ) | |
| | ) | |
| THE CHICAGO TRANSIT AUTHORITY, | ) | |
| | ) | |
| Counter Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| EDWARDS ENGINEERING, INC., | ) | |
| | ) | |
| Counter Defendant. | ) | |
| | ) | |
| THE CHICAGO TRANSIT AUTHORITY, | ) | |
| | ) | |
| Fourth Party Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| WESTERN SURETY COMPANY, | ) | |
| | ) | |
| Fourth Party Defendant. | ) | |

# MEMORANDUM OPINION AND ORDER

MARVIN E. ASPEN, District Court Judge:

Presently before us are the jurisdictional memoranda of Third Party Plaintiff and Counter-Defendant Edwards Engineering, Inc. ("Edwards"), Counter-Plaintiff and Fourth Party Plaintiff Chicago Transit Authority ("CTA"), and Fourth Party Defendant Western Surety Company ("Western"). We originally exercised jurisdiction over this matter pursuant to 28 U.S.C. § 1332, because Plaintiff Energy Labs, Inc. ("ELI") and Defendant Edwards were diverse. ELI's claims have since been dismissed, and with them, the basis for original federal jurisdiction was removed. The remaining parties—Edwards, Western, and CTA—are not diverse, and their remaining claims are third and fourth party state law claims. Accordingly, the parties were asked to address whether we should continue to exercise supplemental jurisdiction over these state law claims pursuant to 28 U.S.C. § 1367. For the reasons set forth below, we relinquish supplemental jurisdiction over the claims and dismiss this action without prejudice to be refiled in state court.

## BACKGROUND

This lawsuit arises out of a contract dispute related to a CTA construction project. Edwards, an Illinois corporation, contracted with CTA to rehabilitate the air conditioning and heating systems at CTA's 103rd Street repair facility ("CTA Project" or "Project"). (Am. Compl. (Dkt. No. 3) ¶¶ 12, 16.) ELI alleged Edwards certified to the CTA that any subcontractor they utilized for the Project would comply with the Buy America Act ("BAA"), which mandates that certain components used to construct transportation systems funded by the federal government be manufactured in the United States. (*Id.* ¶ 14.) ELI alleged that after certifying that it would comply with the BAA, Edwards subcontracted with ELI, a California

corporation, to manufacture and deliver 13 custom air conditioning units for the CTA Project. (*Id.* ¶¶ 2, 16, 25–26.) ELI asserted that it designed the air conditioning units, submitted the designs to Edwards and CTA for approval, and started manufacturing the units in Tijuana, Mexico. (*Id.* ¶ 17.) Thereafter, CTA notified Edwards that ELI's parts were not BAA-compliant, and Edwards ultimately cancelled its purchase orders with ELI and retained a different manufacturer to produce the air conditioning units in the United States. (*Id.* ¶¶ 45, 62.) CTA eventually terminated Edwards' contract for the Project on February 9, 2015. (Third Party Compl. (Dkt. No. 54) ¶ 40.)

ELI sued Edwards on September 24, 2014 to recover on the unpaid purchase orders for the air conditioning units. Edwards moved to dismiss the amended complaint, and we denied the motion on June 2, 2015. (Dkt. No. 37.) Edwards then filed a counterclaim on July 29, 2015 asserting breach of contract claims against ELI and a third party complaint against CTA, alleging state law claims for breach of contract, breach of the duty of good faith and fair dealing, breach of implied warranty, and spoliation. (Dkt. Nos. 54, 55, 113.) On October 30, 2015, CTA answered Edwards's claim for breach of contract, but moved to dismiss the other claims. (Dkt. Nos. 70, 72, 131.) The same day, CTA also filed a counterclaim against Edwards and a fourth party complaint against Western, Edwards' surety, seeking damages for Edwards' alleged breach of contract. (Dkt. No. 71.)

On December 16, 2015, ELI filed a notice stating it settled its claims with Edwards, and we granted ELI's subsequent motion to enforce the settlement. (Dkt. Nos. 91, 142.) Pursuant to the settlement, ELI voluntarily dismissed all of its claims on June 20, 2016. (Dkt. No. 145.) The only pending claims are state common law claims between Edwards, CTA, and Western. Since filing their claims in late 2015, Edwards, CTA, and Western have participated in extensive

mediation efforts, and we therefore held CTA's motions to dismiss in abeyance while the parties participated in settlement negotiations. (Dkt. No. 147.) However, after participating in private mediation on January 10, 2017 and January 16, 2017, the parties reported they were unable to reach a settlement.

With settlement discussions at a standstill, we set a May 2017 deadline for completing all discovery and asked the parties to brief whether we should relinquish supplemental jurisdiction over the remaining state law claims. (Dkt. No. 159.) Edwards and Western argue we should decline to exercise supplemental jurisdiction as purely state law claims remain, the basis for original federal jurisdiction has been removed now that the parties are not diverse, and we should heed the strong presumption that a state forum should decide state law disputes. (Edwards Mem. (Dkt. No. 160) at 2; Western Mem. (Dkt. No. 162) at 4–5.) CTA contends we should retain jurisdiction because the pending state law claims arise from the same set of facts as the claims giving rise to diversity jurisdiction, and factors including judicial economy, comity, and convenience to the parties favor the exercise of supplemental jurisdiction here. (CTA Mem. (Dkt. No. 161) at 6.)

**LEGAL STANDARD**

A district court may exercise supplemental jurisdiction over state law claims "that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a). However, "district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if the district court has dismissed all claims over which it has original jurisdiction." *Id.* at § 1367(c)(3); *accord. Carlsbad Tech., Inc. v. HIF Bio, Inc.*, 556 U.S. 635, 639, 129 S. Ct. 1862, 1866 (2009) (explaining a federal district court "may (or

4

may not) choose to exercise" subject matter jurisdiction over pendant state law claims, and "the decision whether to exercise that jurisdiction after dismissing every claim over which it had original jurisdiction is purely discretionary"). "When all federal claims in a suit in federal court are dismissed before trial, the presumption is that the court will relinquish federal jurisdiction over any supplemental state-law claims." *Al's Serv. Center v. BP Prods. N. Am., Inc.*, 599 F.3d 720, 727 (7th Cir. 2010). That presumption "should not be lightly abandoned, as it is based on a legitimate and substantial concern with minimizing federal intrusion in areas of purely state law." *RWJ Mgmt. Cos., Inc. v. BP Prods. N. Am.*, 672 F.3d 476, 479 (7th Cir. 2012) (internal quotation marks omitted) (quoting *Khan v. State Oil. Co.*, 93 F.3d 1358, 1366 (7th Cir. 1996)); *see also Groce v. Eli Lilly & Co.*, 193 F.3d 496, 501 (7th Cir. 1999) ("[I]t is the well-established law of this circuit that the usual practice is to dismiss without prejudice state supplemental claims whenever all federal claims have been dismissed prior to trial.").

## ANALYSIS

We have "broad discretion" to determine whether to relinquish supplemental jurisdiction over state law claims after the basis for original federal jurisdiction is removed. *RWJ Mgmt.*, 672 F.3d at 478. The "general presumption in favor of relinquishment applies and is particularly strong where . . . the state-law claims are complex and raise unsettled legal issues." *Id.* The presumption may be overcome, however, and we consider the following factors: (1) whether the statute of limitations has run on the state law claims; (2) whether substantial judicial resources have been committed such that dismissal will cause a substantial duplication of effort; and (3) whether it is "absolutely clear" how the state law claims should be decided. *Id.*; *Sharp Elecs. Corp. v. Metro. Life Ins. Co.*, 758 F.3d 505, 51 5 (7th Cir. 2009); *Wright v. Assoc. Ins. Cos.*, 29 F.3d 1244, 1251 (7th Cir. 1994). Further, we should "consider and weigh in each

5

case, and at every stage of the litigation, the values of judicial economy, convenience, fairness, and comity." *Hansen v. Bd. of Trustees of Hamilton Se. Sch. Corp.*, 551 F.3d 599, 608 (7th Cir. 2008) (quoting *City of Chi. v. Int'l Coll. of Surgeons*, 522 U.S. 156, 173, 118 S. Ct. 523, 534 (1997)).

Here, all factors favor dismissing the remaining state law claims. First, timeliness issues do not present a bar to dismissal. CTA does not dispute that the statute of limitations has not expired on any of the state law claims at issue. (*See* Edwards Mem. at 9–10 (citing 735 ILCS 5/13–217 and 735 ILCS 5/13–214).) Moreover, § 1367(d) tolls the statute of limitations period for 30 days after dismissal to allow for refiling in state court.

In addition, from its inception, this case was grounded on state law causes of action, and the basis for original jurisdiction—the diversity of the parties—has since fallen away. Accordingly, comity, convenience, and fairness to the parties counsels in favor of having their state law claims decided in a state forum. Furthermore, Edwards and Western argue there is already a separate, pending state court action arising out of the same CTA Project at issue here to which Edwards, Western, and the CTA are all parties. (*See id.* at 9.) Edwards and Western contend the state court case is in the early stages; therefore, dismissing the pending claims and allowing them to be filed in state court will not prejudice the parties. (*Id.* at 7.) In the state court action, as here, the parties have exchanged some discovery, but they have not completed written discovery, they have not taken depositions, and expert discovery has not begun. (*Id.*) CTA disputes whether the pending issues can ultimately be consolidated with the state law action, but CTA has not presented any reason the claims cannot otherwise be filed separately in state court even assuming its position is correct. (CTA Mem. at 7.)

Nor will judicial economy be served by retaining federal jurisdiction here. Although ELI filed this litigation in federal court in September 2014, the remaining third and fourth party claims were not filed until late 2015, and formal discovery has only recently commenced. We have not considered the pending claims or substantively ruled on them such that there will be any serious "duplication of effort" by the state court. *See Wright*, 29 F.3d at 1251 (finding "judicial economy is not served by the district court's retention of jurisdiction" where the "burden of the state-law claims would be the same for a federal as for a state court"); *c.f. Miller Aviation v. Milwaukee Cnty. Bd. of Supervisors*, 273 F.3d 722, 732 (7th Cir. 2001) (concluding the district court should have exercised supplemental jurisdiction where it expended "considerable" resources overseeing "multifaceted litigation" for more than five years, in which it considered 22 motions, held 9 hearings, and issued a 71-page decision partially granting a motion for judgment on the pleadings). We have only substantively addressed motions involving ELI's claims—namely, Edwards' motion to dismiss ELI's complaint and a motion to enforce the ELI settlement agreement. (Dkt. Nos. 37, 142.) Neither of these rulings relates to the merits of the pending third and fourth party claims. Relatively few judicial resources have been expended on the remaining parties' claims, as they have been engaged in settlement and mediation efforts for months. We thus have not "invested so much time in superintending this litigation that the presumption in favor of relinquishment has been overcome." *RWJ Mgmt.*, 672 F.3d at 479–80 (relinquishing supplemental jurisdiction was proper, even though it was on "the eve of trial" after the parties completed "[e]xtensive discovery," and the court's work included holding 35 hearings, considering 70 motions, and issuing 45 orders over 15 months); *see also Olive Can Co., Inc. v. Martin*, 906 F.2d 1147, 1153 (7th Cir. 1990) (finding no abuse of discretion where

the district court relinquished supplemental claims "just before trial after five years of discovery").

CTA argues that the parties exchanged thousands of documents in connection with their mediation efforts, and further contends it "would realistically take at least two years for this case to be tried in state court if the parties were to start over with the filing of a new lawsuit." (CTA Mem. at 7.) While we are sensitive to the efforts the parties have invested in the case thus far, they will not have to "start over" in state court, as there is already an action pending there and any work they have done in connection with the claims pending here will be equally applicable in a state action. Therefore, it is not necessarily true that the parties' efforts in federal court will be wasted if the case is refiled in state court. Furthermore, although CTA urges that it has pending, fully-briefed motions to dismiss, the motions are not case-dispositive as to all claims against CTA, and it has provided no reason it cannot refile its motions in state court.

Finally, none of the parties have argued that it is "absolutely clear" how the pending state law claims should be decided, nor have they argued any of the asserted claims are frivolous. *Wright*, 29 F.3d at 1251; *see also Golden Years Homestead, Inc. v. Buckland*, 557 F.3d 457, 462 (7th Cir. 2009) (reaffirming that an "exception to the general rule . . . applies when it is very clear that the supplemental claim is meritless"); *Van Harken v. City of Chi.*, 103 F.3d 1346, 1354 (7th Cir. 1997) (recognizing a "'no-brainer' exception to the duty to relinquish federal jurisdiction over the supplemental claim" that should be exercised where "an interpretation of state law that knocks out the plaintiff's state claim is obviously correct, the federal judge should put the plaintiff out of his misery then and there, rather than burdening the state courts with a frivolous case"); *Groce*, 193 F.3d at 502 ("[F]ederal-state comity is certainly not served by sending back to state court 'doomed litigation' that will only be dismissed once it gets there.").

The contract claims raised by the parties are complex and involve interpretation and application of Illinois common law, and they should be pursued in a state forum. This is particularly true here, where we have not yet substantively considered or ruled on any of these potentially complicated state law issues. *See RWJ Mgmt.*, 672 F.3d at 480 (finding relinquishing jurisdiction over state law claims is appropriate where the court's "work on the case was not so enmeshed in substantive issues of state law that the presumption in favor of remand should be set aside . . . especially where . . . the claims remaining in the case include complex common-law business torts and claims for violation of state statutory franchise law"); *Huffman v. Hains*, 865 F.2d 920, 923 (7th Cir. 1989) ("[R]espect for the state's interest in applying its own law, along with the state court's greater expertise in applying state law, become paramount concerns.").

We have considered judicial economy, convenience, fairness, and comity, and find all counsel in favor of relinquishing supplemental jurisdiction in this case. Because we find no good cause for concluding an exception applies here, we follow the general rule and decline to exercise supplemental jurisdiction over the parties' remaining state law claims under § 1367(c). Accordingly, we dismiss the claims without prejudice.

## CONCLUSION

For the foregoing reasons, we relinquish federal supplemental jurisdiction over the remaining state law claims between the parties. All remaining claims are dismissed, without prejudice, and they may be refiled in state court. It is so ordered.

_____
Honorable Marvin E. Aspen
United States District Judge

Dated: March 2, 2017